JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1080 AG (ANx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | WILHELMINA TRUST #705, SOUTHLAND HOMES REAL ESTATE AND INVESTMENT AS TRUSTEE v. JOHN LEWIS MOODY, JR. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:**   [IN CHAMBERS] ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

In May 2012, Plaintiff Wilhelmina Trust #705, Southland Homes Real Estate and Investment as Trustee, ("Plaintiff") filed an unlawful detainer action against Defendant John Lewis Moody, Jr. ("Defendant") in Orange County Superior Court.  Defendant filed a Notice of Removal in pro se on July 3, 2012.  The Notice of Removal alleges that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the case arises under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. §§ 5220 *et seq.  See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.").

This Court lacks subject matter jurisdiction over Plaintiff's action for at least two reasons.  First, federal questions conferring jurisdiction "must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 839 (9th Cir 2004) (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)).  Because the federal statute here appears in the Notice of Removal, and not in Plaintiff's Complaint, Plaintiff's action does not

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1080 AG (ANx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | WILHELMINA TRUST #705, SOUTHLAND HOMES REAL ESTATE AND INVESTMENT AS TRUSTEE v. JOHN LEWIS MOODY, JR. | | |

"aris[e] under" the PFTA. 28 U.S.C. § 1331.

Second, courts have repeatedly held that the PFTA does not confer federal subject matter jurisdiction. *See, e.g.*, *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *4 (N.D. Cal. June 6, 2011) ("PTFA's provisions do not create a federal claim . . . ."); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (same).

The Court reminds the parties that "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*. Defendant is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal by a pro se defendant was "frivolous and unwarranted" and warning "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

**DISPOSITION**

Because the Court lacks subject matter jurisdiction, the case is REMANDED to Superior Court.

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |